UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- X

TIZIANA CACACE,                                          :
                                                         :        Index No. No. 18-CV-06856 (ENV)(RER)
                        Plaintiff,                       :
                                                         :        **ANSWER TO SECOND AMENDED**
        -against-                                        :        **COMPLAINT**
                                                         :
OPTUM, INC., UNITED HEALTH GROUP,                        :
INC., DENNIS FINE, ANDREW HAYEK                          :
and COREY ROBERTS, PROHEALTH                             :
MEDICAL MANAGEMENT, LLC, d/b/a                           :
ProHEALTH Care, all in their individual and             X
professional capacities,                                :

                        Defendant.

-------------------------------------------------------

        Defendants, Optum, Inc., ("Optum"), UnitedHealth Group Incorporated[1], Dennis Fine,

Andrew Hayek, Corey Roberts[2], and ProHealth Medical Management, LLC d/b/a ProHealth

Care ("ProHealth"), (collectively referred to herein as "Defendants"), by and through their

attorneys, Seyfarth Shaw LLP, for its answer to Plaintiff's Second Amended Complaint

("Amended Complaint"), state as follows:

        1.      Defendants deny the allegations contained in Paragraph 1 of the Amended

Complaint, except admit that Optum is a subsidiary of UnitedHealth Group Incorporated and that

Optum acquired a majority interest in ProHealth, which is a large, private, multi-specialty health

care practice in the Northeast.

        2.      Defendants admit the allegations contained in Paragraph 2 of the Amended

Complaint.

---

[1] Plaintiff incorrectly identifies UnitedHealth Group Incorporated in the caption and body of the Second Amended Complaint as UnitedHealth Group, Inc.
[2] Plaintiff incorrectly identifies Cory Roberts in the caption and body of the Second Amended Complaint as Corey Roberts.

3.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Amended Complaint.

4.      Defendants deny the allegations contained in Paragraph 4 of the Amended Complaint.

5.      Defendants deny the allegations contained in Paragraph 5 of the Amended Complaint.

6.      Defendants deny the allegations contained in Paragraph 6 of the Amended Complaint, except admit that Mr. Fine became the COO of ProHealth in or around August 2018.

7.      Defendants deny the allegations contained in Paragraph 7 of the Amended Complaint.

8.      Defendants admit that ProHealth hired Edward Hay as a Vice President of Operations, admit that Mr. Fine participated in hiring Mr. Hay, and deny the remaining allegations contained in Paragraph 8 of the Amended Complaint.

9.      Defendants deny the allegations contained in Paragraph 9 of the Amended Complaint.

10.     Defendants admit that Plaintiff worked at ProHealth for over ten years, admit that ProHealth is a large medical provider in the Northeast, and deny the remaining allegations contained in Paragraph 10 of the Amended Complaint.

11.     Defendants admit that Ms. Cacace took FMLA leave in or about October and deny the remaining allegations contained in Paragraph 11 of the Amended Complaint.

12.     Defendants deny the allegations contained in Paragraph 12 of the Amended Complaint.

54621635v.5

13.     Defendants deny the allegations contained in Paragraph 13 of the Amended Complaint.

14.     Defendants deny the allegations contained in Paragraph 14 of the Amended Complaint and state that the referenced letter is the best evidence of its contents.

15.     Defendants deny the allegations contained in Paragraph 15 of the Amended Complaint.

## NATURE OF THE CLAIMS

16.     Paragraph 16 of the Amended Complaint contains of Summary of Plaintiff's claims, to which no response is required, but to the extent a response is deemed required, Defendants deny that Plaintiff was subjected to any of the discrimination, retaliation and unlawful employment practices alleged in the Amended Complaint.

## JURISDICTION AND VENUE

17.     Defendants admit that this Court has jurisdiction over Plaintiff's claims.

18.     Defendants admit that this Court has supplemental jurisdiction over Plaintiff's state and common law claims.

19.     Defendants admit that venue is proper in this District.

## ADMINISTRATIVE REMEDIES

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Amended Complaint.

## PARTIES

22.     Defendants admit that Plaintiff was the Vice President of Operations and Strategic Development for ProHealth and worked at its headquarters in Lake Success, NY, state that the

allegation that Plaintiff was an "employee" and/or "eligible employee under all applicable statutes" is a legal conclusion to which no response is required, but to the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations in Paragraph 22 of the Amended Complaint as "applicable statutes" is undefined, vague and ambiguous.

23.     Defendants admit that Optum is a limited liability corporation licensed to do business in the State of New York with its headquarters located at 11000 Optum Circle, Eden Prairie, MN 55344, admit that Optum is a subsidiary of UnitedHealth Group Incorporated, admit that in 2014 Optum acquired 80% of the equity in ProHealth, and entered into agreements with certain managers to ensure continuity of operations, and state that whether Optum met the definition of "employer", and "person" and/or is subject to aider and abettor liability under the NYSHRL and ERISA contains a legal conclusion to which no response is required, but to the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations as they are undefined, vague and ambiguous, and Defendants deny the remaining allegations contained in Paragraph 23 of the Amended Complaint.

24.     Defendants admit that UnitedHealth Group Incorporated is a Minnesota entity with its principal place of business located at 9900 Bren Road, Minnetonka, Minnesota 55343, and deny the remaining allegations contained in Paragraph 24 of the Amended Complaint.

25.     Defendants admit that Dennis Fine is a Senior Vice President of Medical Group Operations at Optum and the COO at ProHealth in Lake Success, NY, state that the allegations that Mr. Fine met the definition of "employer", "covered employer", and "person" or is subject

to aider and abettor liability are legal conclusion to which no response is required, and deny the

remaining allegations contained in Paragraph 25 of the Amended Complaint.

26.     Defendants admit that Andrew Hayek is the CEO of OptumHealth, a division of

Optum Inc., works at times out of Optum's headquarters in Eden Prairie, MN, and state that the

allegation that Mr. Hayek met the definition of "employer", "covered employer", and "person"

and/or is "subject to aider and abettor liability under the NYSHRL" contains a legal conclusion

to which no response is required, but to the extent that a response is deemed required,

Defendants lack knowledge or information sufficient to form a belief as to the truth of these

allegations as they are undefined, vague and ambiguous, and Defendants deny the remaining

allegations contained in Paragraph 26 of the Amended Complaint.

27.     Defendants admit that Cory Roberts is the President of OPTUMCare, which is a

division of Optum, Inc., state that the allegation that Mr. Roberts met the definition of

"employer", "covered employer", "person", and/or is subject to aider and abettor liability under

FMLA and NYSHRL contains legal conclusions to which no response is required, but to the

extent that a response is deemed required, Defendants lack knowledge or information sufficient

to form a belief as to the truth of these allegations as they are undefined, vague and ambiguous,

and Defendants deny the remaining allegations contained in Paragraph 27 of the Amended

Complaint.

28.     Defendants admit that ProHealth is a limited liability corporation, licensed to do

business in the State of New York, with its headquarters located at 1 Dakota Drive, Suite 320,

Lake Success, NY 11042, admit that ProHealth has had more than 50 employees within a 7 mile

radius of Plaintiff's worksite during the period of her employment by ProHealth, state that the

allegation that whether ProHealth met the definition of "employer" or "covered employer"

contains a legal conclusion to which no response is required, but to the extent that a response is

deemed required, Defendants lack knowledge or information sufficient to form a belief as to the

truth of these allegations as they are undefined, vague and ambiguous, and Defendants deny the

remaining allegations contained in Paragraph 28 of the Amended Complaint.

## FACTUAL ALLEGATIONS

### Background

29.     Defendants admit that in 2006 Plaintiff starting working at ProHealth as a Practice

Administrator, and lack knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 29 of the Amended Complaint.

30.     Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 30 of the Amended Complaint.

31.     Defendants admit that in 2009 Ms. Cacace was promoted to Director of Clinical

Applications and Operations, and lack knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in Paragraph 31 of the Amended Complaint.

32.     Defendants and lack knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 32 of the Amended Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Amended

Complaint.

34.     Defendants admit that in 2013 Plaintiff was promoted to VP of Operations and

Strategic Development within the office of the CEO, and deny the remaining allegations

contained in Paragraph 34 of the Amended Complaint.

35.     Defendants admit that ProHealth has more than 300 practices in New York and

over $600 million in annual revenue, and deny the remaining allegations contained in Paragraph

35 of the Amended Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of the Amended Complaint.

37.     Defendants admit that Dr. David Cooper is the founder and was in March 2018 the CEO of ProHealth, lack sufficient knowledge or information to form a belief regarding what Dr. Cooper allegedly told Plaintiff, and deny the remaining allegations contained in Paragraph 37 of the Amended Complaint.

38.     Defendants lack sufficient knowledge or information to form a belief regarding what Dr. Cooper allegedly told Plaintiff.

39.     Defendants admit that on April 9, 2018, Mr. LeStrange left ProHealth, and deny the remaining allegations contained in Paragraph 39 of the Amended Complaint.

40.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Dr. Cooper told Plaintiff.

41.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to what Ms. Cacace believed, and deny the remaining allegations contained in Paragraph 41 of the Amended Complaint.

42.     Defendants admit that a meeting occurred on or about May 4, 2018 and that Andrew Hayek and Angela Knight, Vice President of Revenue Cycle, among many others, attended that meeting, and deny the remaining allegations contained in Paragraph 42 of the Amended Complaint.

43.     Defendants admit that Dennis Fine attended the May 4, 2018 meeting, admit that Mr. Fine is a white male, and deny the remaining allegations contained in Paragraph 43 of the Amended Complaint.

54621635v.5

44.     Defendants deny the allegations contained in Paragraph 44 of the Amended Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of the Amended Complaint, but aver that Mr. Fine started to work at ProHealth on or about May 9, 2018.

46.     Defendants deny the allegations contained in Paragraph 46 of the Amended Complaint, but aver that on May 8, 2018, an email was sent to employees at ProHealth announcing Mr. Fine as SVP for Operations at OptumCare.

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Amended Complaint.

48.     Defendants deny the allegations contained in Paragraph 48 of the Amended Complaint.

49.     Defendants deny the allegations contained in Paragraph 49 of the Amended Complaint.

50.     Defendants deny the allegations contained in Paragraph 50 of the Amended Complaint.

51.     Defendants deny the allegations contained in Paragraph 51 of the Amended Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the Amended Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of the Amended Complaint.

54.     Defendants deny the allegations contained in Paragraph 54 of the Amended Complaint.

55.     Defendants admit that Dr. Shahkroh Abiri was the CEO of BayRidge Medical Imaging in 2017, and that ProHealth acquired this practice in or around September 2017, and deny the remaining allegations contained in Paragraph 55 of the Amended Complaint.

56.     Defendants deny the allegations contained in Paragraph 56 of the Amended Complaint.

57.     Defendants deny the allegations contained in Paragraph 57 of the Amended Complaint.

58.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Amended Complaint regarding Plaintiff's beliefs, and deny the remaining allegations contained in Paragraph 58 of the Amended Complaint.

59.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 59 of the Amended Complaint regarding what Dr. Abiri "would tell Ms. Cacace," and deny the remaining allegations contained in Paragraph 59 of the Amended Complaint.

60.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 60 of the Amended Complaint that "during meetings Dr. Abiri refused to make eye contact with Ms. Cacace," and deny the remaining allegations contained in Paragraph 60 of the Amended Complaint.

61.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Amended Complaint.

62.     Defendants lack knowledge or information sufficient to form a belief regarding as to the truth of the allegations contained in Paragraph 62 of the Amended Complaint regarding

what Plaintiff told Dr. Cooper, and deny the remaining allegations contained in Paragraph 62 of the Amended Complaint.

63.     Defendants lack knowledge or information sufficient to form a belief regarding as to the truth of the allegations contained in Paragraph 63 of the Amended Complaint regarding Plaintiff's feelings or what she told Dr. Cooper, and deny the remaining allegations contained in Paragraph 63 of the Amended Complaint.

64.     Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in Paragraph 65 of the Amended Complaint.

66.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding Dr. Cooper's religious beliefs, and deny the remaining allegations contained in Paragraph 66 of the Amended Complaint.

67.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding what Dr. Cooper "expressed" and "commented" to Ms. Cacace, and deny the remaining allegations contained in Paragraph 67 of the Amended Complaint.

68.     Defendants admit the allegations contained in Paragraph 68 of the Amended Complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of the Amended Complaint.

70.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Amended Complaint.

54621635v.5

71.     Defendants admit that Lisa Helling, a Human Capital Partner at OptumCare, investigated Megan Lee's complaint and deny the remaining allegations contained in Paragraph 71 of the Amended Complaint.

72.     Defendants admit that Ms. Helling met with Plaintiff as part of Ms. Helling's investigation and deny the remaining allegations contained in Paragraph 72 of the Amended Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Amended Complaint.

74.     Defendants deny the allegations contained in Paragraph 74 of the Amended Complaint.

75.     Defendants deny the allegations contained in Paragraph 75 of the Amended Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of the Amended Complaint.

77.     Defendants deny the allegations contained in Paragraph 77 of the Amended Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of the Amended Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of the Amended Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of the Amended Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of the Amended Complaint.

82.     Defendants deny the allegations contained in Paragraph 82 of the Amended Complaint.

83.     Defendants admit that Kim Gallub was the Vice President of Nursing, and deny the remaining allegations contained in Paragraph 83 of the Amended Complaint.

84.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff told other people, and deny the remaining allegations contained in Paragraph 84 of the Amended Complaint.

85.     Defendants admit the allegations contained in Paragraph 85 of the Amended Complaint.

86.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Amended Complaint regarding what Dr. Cooper "assured" and "commented" to Plaintiff, and deny the remaining allegations contained in Paragraph 86 of the Amended Complaint.

87.     Defendants admit the allegations contained in Paragraph 87 of the Amended Complaint.

88.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Amended Complaint regarding what Dr. Cooper "informed"  Ms. Cacace, and deny the remaining allegations contained in Paragraph 88 of the Amended Complaint.

89.     Defendants admit that on August 17, 2018 an email was sent to ProHealth employees announcing Mr. Fine as the new COO of ProHealth NY, and deny the remaining allegations contained in Paragraph 89 of the Amended Complaint.

90.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Ms. Cacace was "blindsided", but aver that Ms. Cacace's email to Dr. Baker is the best evidence of its contents.

91.     Defendants deny the allegations contained in Paragraph 91 of the Amended Complaint.

92.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the content of the referenced conversation between Dr. Cooper and Plaintiff, and deny the remaining allegations contained n Paragraph 92 of the Amended Complaint.

93.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the content of the referenced conversation between Dr. Cooper and Plaintiff or what Dr. Cooper "believed," and deny the remaining allegations contained in Paragraph 93 of the Amended Complaint.

94.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the content of the referenced conversation between Dr. Cooper and Plaintiff, and deny the remaining allegations contained in Paragraph 94 of the Amended Complaint.

95.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the content of the referenced conversation between Dr. Cooper

and Plaintiff or what Dr. Cooper "alluded to," and deny the remaining allegations contained in Paragraph 95 of the Amended Complaint.

96.     Defendants admit that Ms. Cacace and Mr. Fine attended meetings on or about August 6, 2018, and deny the remaining allegations contained in Paragraph 96 of the Amended Complaint.

97.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 97 of the Amended Complaint.

98.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 98 of the Amended Complaint.

99.     Defendants deny the allegations contained in Paragraph 99 of the Amended Complaint.

100.     Defendants deny the allegations contained in Paragraph 100 of the Amended Complaint.

101.     Defendants deny the allegations contained in Paragraph 101 of the Amended Complaint.

102.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 102 of the Amended Complaint.

103.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 103 of the Amended Complaint.

104.     Defendants deny the allegations contained in Paragraph 104 of the Amended Complaint.

105.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Amended Complaint.

54621635v.5

106.     Defendants deny the allegations contained in Paragraph 106 of the Amended Complaint.

107.     Defendants deny the allegations contained in Paragraph 107 of the Amended Complaint.

108.     Defendants deny the allegations contained in Paragraph 108 of the Amended Complaint.

109.     Defendants admit that Mr. Fine told Ms. Cacace ProHealth had hired Edward Hay as a VP of Operations and he would be starting September 4, 2018, admit that Mr. Hay is white and male, and deny the remaining allegations contained in Paragraph 109 of the Amended Complaint.

110.     Defendants deny the allegations contained in Paragraph 110 of the Amended Complaint.

111.     Defendants admit the allegations contained in Paragraph 111 of the Amended Complaint.

112.     Defendants deny the allegations contained in Paragraph 112 of the Amended Complaint.

113.     Defendants deny the allegations contained in Paragraph 113 of the Amended Complaint.

114.     Defendants admit that Mr. Hay started at ProHealth on September 4, 2018, and deny the remaining allegations contained in Paragraph 114 of the Amended Complaint.

115.     Defendants admit that on September 6, 2018, ProHealth held a meeting with Allscripts, a vendor working with ProHealth on an operations system, and deny the remaining allegations contained in Paragraph 115 of the Amended Complaint.

116.    Defendants deny the allegations contained in Paragraph 116 of the Amended Complaint.

117.    Defendants deny the allegations contained in Paragraph 117 of the Amended Complaint.

118.    Defendants admit that on September 11, 2018, Mr. Fine sent Ms. Cacace a text message asking her to come to a conference room, and deny the remaining allegations contained in Paragraph 118 of the Amended Complaint.

119.    Defendants admit Mr. Fine asked Plaintiff if she had prepared the slides and information for that night's meeting, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 119 of the Amended Complaint.

120.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Amended Complaint regarding Plaintiff's mental state, and deny the remaining allegations contained in Paragraph 120 of the Amended Complaint.

121.    Defendants deny the allegations contained in Paragraph 121 of the Amended Complaint.

122.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the Amended Complaint regarding Plaintiff's feelings or emotional state.

123.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Amended Complaint.

124. Defendants admit that Plaintiff met with Laurie Rosen and deny the remaining allegations contained in Paragraph 124 of the Amended Complaint.

125. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Amended Complaint.

126. Defendants admit that Plaintiff met with Ms. Hallam and Ms. Schroeter, ProHealth's Chief Administrative Officer, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 126 of the Amended Complaint.

127. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of the Amended Complaint.

128. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the Amended Complaint.

129. Defendants deny the allegations contained in Paragraph 129 of the Amended Complaint, except aver that Ms. Cacace emailed Ms. Hallam on September 12, 2018 and that the referenced documents is the best evidence of its contents.

130. Defendants deny the allegations contained in Paragraph 130 of the Amended Complaint, but aver that Ms. Cacace began a paid leave of absence.

131. Defendants admit that Ms. Cacace had a call with Ms. Hallam and Ms. Helling on September 18, 2018, and deny the remaining allegations contained in Paragraph 131 of the Amended Complaint.

132. Defendants state that Plaintiff's email to Ms. Hallam is the best evidence of its contents, deny knowledge or information sufficient to form a belief as to the truth of the

allegations regarding Plaintiff's feelings, and deny the remaining allegations contained in Paragraph 132 of the Amended Complaint.

133.    Defendants deny the allegations contained in Paragraph 133 of the Amended Complaint, but aver that Ms. Cacace requested a separation package.

134.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Ms. Cacace's comments to Ms. Hallam or her emotional state at the time, and deny the remaining allegations contained in Paragraph 134 of the Amended Complaint.

135.    Defendants lack knowledge or information sufficient to form a belief as to the truth of  the allegations contained in Paragraph 135 of the Amended Complaint, but aver that Plaintiff did take a FMLA leave.

136.    Defendants deny the allegations contained in Paragraph 136 of the Amended Complaint.

137.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the Amended Complaint.

138.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of the Amended Complaint regarding Plaintiff's emotional state, and deny the remaining allegations contained in Paragraph 138 of the Amended Complaint.

139.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether something occurred "not long before" Plaintiff's termination, as this phrase is vague, ambiguous and can have many meanings, and deny the remaining allegations contained in Paragraph 139 of the Amended Complaint.

54621635v.5

140.     Defendants admit that ProHealth sent a letter signed by Cory Roberts and dated November 28, 2018 to Plaintiff advising her of her termination, state that the referenced document is the best evidence of its contents, and deny the remaining allegations contained in Paragraph 140 of the Amended Complaint.

141.     Defendants deny the allegations contained in Paragraph 141 of the Amended Complaint.

142.     Defendants admit the allegations contained in Paragraph 142 of the Amended Complaint.

143.     Defendants admit the allegations contained in Paragraph 143 of the Amended Complaint.

144.     Defendants refer to the documents identified in Paragraph 144 of the Amended Complaint as the best evidence of their contents, and otherwise deny the remaining allegations contained in Paragraph 144 of the Amended Complaint.

145.     Defendants refer to the documents identified in Paragraph 145 of the Amended Complaint as the best evidence of their contents, and otherwise deny the remaining allegations contained in Paragraph 145 of the Amended Complaint.

146.     Defendants deny the allegations contained in Paragraph 146 of the Amended Complaint.

147.     Defendants deny the allegations contained in Paragraph 147 of the Amended Complaint.

148.     Defendants admit the allegations contained in Paragraph 148 of the Amended Complaint.

54621635v.5

149.    Defendants deny the allegations contained in Paragraph 149 of the Amended Complaint.

150.    Defendants admit that as a result of her termination, Plaintiff's unvested stock and stock options were immediately forfeited, and deny the remaining allegations contained in Paragraph 150 of the Amended Complaint.

151.    Defendants state that the preparation or assistance that UHG's in-house counsel provided in the drafting the letter terminating Plaintiff's employment, if any, would be privileged and no response to the allegations regarding same is required.

152.    Defendants state that Plaintiff's unvested stock options and RSU awards had no value unless vested and/or exercised, that the phase "close to a half a million dollars" is undefined and vague, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding whether the value of Plaintiff's unvested stock and stock options was "close to" a number, and deny the remaining allegations contained in Paragraph 152 of the Amended Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Retaliation in Violation of the FMLA)
#### *Against Defendants ProHEALTH, Cory Roberts and Dennis Fine*

153.    Defendants incorporate herein their responses to every allegation above with the same force and effect as if fully set forth herein.

154.    Defendants deny the allegations contained in Paragraph 154 of the Amended Complaint.

155.    Defendants deny the allegations contained in Paragraph 155 of the Amended Complaint.

156.    Defendants deny the allegations contained in Paragraph 156 of the Amended Complaint.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Discrimination and Harassment in Violation of the NYSHRL)**
*Against All Defendants (Except UnitedHealth Group)*

157. Defendants incorporate herein their responses to every allegation above with the same force and effect as if fully set forth herein.

158. Defendants deny the allegations contained in Paragraph 158 of the Amended Complaint.

159. Defendants deny the allegations contained in Paragraph 159 of the Amended Complaint.

160. Defendants deny the allegations contained in Paragraph 160 of the Amended Complaint.

161. Defendants deny the allegations contained in Paragraph 161 of the Amended Complaint.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Retaliation in Violation of the NYSHRL)**
*Against All Defendants (Except UnitedHealth Group)*

162. Defendants incorporate herein their responses to every allegation above with the same force and effect as if fully set forth herein.

163. Defendants deny the allegations contained in Paragraph 163 of the Amended Complaint.

164. Defendants deny the allegations contained in Paragraph 164 of the Amended Complaint.

165. Defendants deny the allegations contained in Paragraph 165 of the Amended Complaint.

166. Defendants deny the allegations contained in Paragraph 166 of the Amended Complaint.

54621635v.5

## AS AND FOR A FOURTH CAUSE OF ACTION
**(Breach of Contract, and in the alternative, Breach of the Implied Covenant of Good Faith and Fair Dealing)**
***Against Defendants UnitedHealth Group, Inc.***

167.    Defendants incorporate herein their responses to every allegation above with the same force and effect as if fully set forth herein.

168.    Defendants admit the allegations contained in Paragraph 168 of the Amended Complaint.

169.    Defendants admit the allegations contained in Paragraph 169 of the Amended Complaint.

170.    Defendants admit the allegations contained in Paragraph 170 of the Amended Complaint.

171.    Defendants refer to the documents identified in Paragraph 171 of the Amended Complaint as the best evidence of their contents, and otherwise deny the remaining allegations contained in Paragraph 171 of the Amended Complaint.

172.    Defendants refer to the documents identified in Paragraph 172 of the Amended Complaint as the best evidence of their contents, and otherwise deny the remaining allegations contained in Paragraph 172 of the Amended Complaint.

173.    Defendants admit the allegations contained in Paragraph 173 of the Amended Complaint.

174.    Defendants deny the allegations contained in Paragraph 174 of the Amended Complaint.

175.    Defendants deny the allegations contained in Paragraph 175 of the Amended Complaint.

54621635v.5

176.     Defendants deny the allegations contained in Paragraph 176 of the Amended Complaint.

177.     Defendants deny the allegations contained in Paragraph 177 of the Amended Complaint.

178.     Defendants deny the allegations contained in Paragraph 178 of the Amended Complaint.

179.     Defendants deny the allegations contained in Paragraph 179 of the Amended Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief sought in the "Wherefore" clause, including but not limited to, Paragraphs (A) through (G) of such clause.

## JURY DEMAND

Defendants object to a trial by jury on Plaintiff's equitable claims and as to all other issues as to which a jury is not permitted as of right as a matter of law.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burdens of production or proof that would otherwise rest with Plaintiff.

## FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, estoppel and/or unclean hands.

54621635v.5

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of after acquired evidence.

## FOURTH DEFENSE

Subject to proof through discovery, and without conceding that the Plaintiff has suffered any damages, Plaintiff's own culpable conduct caused, in whole or in part, whatever damages he may have suffered.

## FIFTH DEFENSE

Any damages purportedly sustained by Plaintiff were not proximately caused by Defendants.

## SIXTH DEFENSE

Plaintiff's claims are barred to the extent that they were not filed within the applicable statute of limitations.

## SEVENTH DEFENSE

The Amended Complaint, and each purported claim alleged therein, is barred in whole or in part because Defendants' actions were justified and motivated solely by legitimate, non-discriminatory reasons; and any conduct of which Plaintiff complains or which is attributed to Defendants just and proper exercise of management discretion, undertaken for lawful, fair and honest reasons, in good faith and without malice, and/or as a result of business necessity.

## EIGHTH DEFENSE

Civil penalties and/or punitive damages are inappropriate because all actions taken or omitted by Defendants with respect to the allegations were taken or omitted in good faith, without any malice, evil motives, callous indifference, reckless indifference, or willfulness.

54621635v.5

## NINTH DEFENSE

Any recovery by Plaintiff must be reduced to the extent that she has failed to take reasonable steps to mitigate her purported damages.

## TENTH DEFENSE

Defendants did not engage in, aid or abet, encourage, condone, acquiesce in or approve any alleged retaliation against Plaintiff.

## ELEVENTH DEFENSE

Throughout the relevant period, Defendants maintained and complied with well-established policies, programs, and procedures for the prevention and detection of unlawful harassment, discrimination, or retaliatory conduct by its employees.

## TWELFTH DEFENSE

The causes of action alleged or alluded to in the Amended Complaint are frivolous, unreasonable and groundless, and, accordingly, Defendants should recover all costs and attorneys' fees incurred in defending this action.

## THIRTEENTH DEFENSE

Plaintiff's Title VII claims are barred to the extent that they are based on alleged conduct that occurred more than 300 days before Plaintiff filed her EEOC Charge.

## FOURTEENTH DEFENSE

The Court lacks jurisdiction over any claim that was not included in Plaintiff's EEOC Charge and/or Plaintiff failed to satisfy the administrative prerequisites to filing suit with respect to any claim that was not included in Plaintiff's EEO Charge.

## FIFTEENTH DEFENSE

Assuming, *arguendo*, while vigorously denying, that Plaintiff experienced discriminatory treatment, Plaintiff's claims are barred because Defendants exercised reasonable care to prevent

and correct promptly any discriminatory behavior, and, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

## SIXTEENTH DEFENSE

Plaintiff's breach of contract claim is barred by the terms, conditions, obligations, and exclusions contained in the written agreements incorporated by reference into the Complaint.

## SEVENTEENTH DEFENSE

Plaintiff's breach of contract claim is barred because Plaintiff would be unjustly enriched if permitted to obtain the windfall she seeks.

## EIGHTEENTH DEFENSE

Plaintiff's claims, to the extent that they are based upon representations made outside the applicable written agreements, are barred by the parol evidence rule.

## NINETEENTH DEFENSE

Plaintiff's breach of the implied covenant of good faith and fair dealing is barred because it is duplicative of Plaintiff's breach of contract claim.

## RESERVATION OF RIGHTS

In addition to the foregoing defenses, Defendants reserve the right to assert any and all additional legal and/or equitable defenses that may become apparent and applicable during the course of discovery and/or trial.

WHEREFORE, Defendants pray that the Court enter judgment:

1.      dismissing the Amended Complaint in its entirety with prejudice;

2.      granting to Defendants their costs, including attorneys' fees, incurred in this action; and

54621635v.5

       3.      granting to Defendants such other and further relief that the Court may deem just

and proper.


Dated: New York, New York               SEYFARTH SHAW LLP
       March 8, 2019


                       By: */s/ Cameron Smith* _____
                            Cameron Smith
                            casmith@seyfarth.com
                            Lynn A. Kappelman
                            lkappelman@seyfarth.com
                            620 Eighth Avenue
                            New York, New York  10018
                            Telephone:  (212) 218-5500
                            Facsimile:  (212) 218-5526

                       Attorneys for Defendants

54621635v.5

## CERTIFICATE OF SERVICE

I, Cameron Smith, Esq., hereby certify that on March 8, 2019, I electronically filed the foregoing ANSWER TO SECOND AMENDED COMPLAINT, via the Court's CM/ECF system, which sent notification of such filing to all counsel of record.


*/s/ Cameron Smith*
Cameron Smith

54621635v.5